John M. LITTLEPAGE et al., Appellants,

v.

Willard L. HART and Thomas P. Littlepage, Jr., Appellees.

No. 13501.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 26, 1957.

Decided Dec. 19, 1957.

Mr. Arthur L. Willcher, Washington, D. C., with whom Mr. Ira H. Pearce, Silver Spring, Md., was on the brief, for appellants.

Mr. S. Jay McCathran, Jr., Washington, D. C., for appellees.

Mr. Richard A. Mehler, Washington, D. C., guardian ad litem, for Thomas P. Littlepage, III, a minor, urged reversal in part.

Before DANAHER, BASTIAN and BURGER, Circuit Judges.

BASTIAN, Circuit Judge.

This action involves the construction of the last will and testament of Ellen Littlepage Hart, who died in the District

of Columbia on December 31, 1952. The will is inartistically drawn.

The testatrix died possessed only of certain premises in the District of Columbia said to be of the approximate value of $47,000.00, subject to a deed of trust in the approximate amount of $17,-000.00, payable $176.00 monthly including principal and interest, and an F.H.A. loan payable $100 per month including principal and interest. She left no personal property. Debts and administration expenses amounted to approximately $1,900.00.

The pertinent provisions of the will are as follows:

> "I leave my husband Willard L. Hart a life interest in any and all real property that I own. He shall have the sole management and proceeds after any mortgage payments are met. He chooses and desires this life interest in lieu of any dower interest that he may have under the law, and hereby renounces his dower interest in consideration for a life interest in everything."

After making provision for her mother-in-law (who predeceased testatrix), the will provided for certain pecuniary legacies with remainder over to certain relatives.

Four questions were submitted to the District Court:

> "One: Are the twelve legacies to the sister, brothers, nieces, and nephews of the testatrix, totaling $13,000.00, and to the three charities, totaling $3,000.00, conditioned on Willard L. Hart, the husband, predeceasing the testatrix, so that she would receive the $20,000.00 of life insurance, on his life, and his United States retirement fund, as the source from which said legacies were to be paid?"

To this question, the District Court answered: "No."

"Two: If said legacies are not conditioned on said husband predeceasing said testatrix, are they charged on the realty?"

Answer: Yes.

"Three: If said legacies are a charge on the realty, is the charge subject to the life interest of said husband in the realty?"

Answer: Yes.

"Four: (a) If said husband receives a life interest in the realty, is that interest a life estate,"

Answer: Yes.

"(b) And if so, is said estate conditioned on his paying principal on the trust lien placed thereon,"

Answer: No.

"(c) Or is it conditioned only on his paying the interest on said trust, in addition to taxes, maintenance and repairs?"

Answer: Yes.

The District Court thereupon authorized the executors to sell the real estate in order to pay debts, the value of the devise of the life estate, and the legacies as far as proceeds will permit. Certain of the specific and residuary legatees appeal.

We believe the language of the will justifies the rulings of the trial court on questions 1, 2, 3 and 4(a). However, it is our view that the life estate to the husband is conditioned on his paying *both* the principal and the interest on the mortgage on the real estate, in addition to taxes, maintenance and repairs. No reason exists to show a different intent.[1]

We are further of the opinion that the District Court, in the action for construction of the will, had no authority to direct the executors to sell the real estate in order to pay debts, the value of the devise of the life estate, and the legacies. There is no power of sale in the will.

■■ We therefore affirm the judgment of the District Court in its holding

---

1. It is of interest to note that the husband is a joint maker of the note and jointly liable with his wife's estate thereon.

that the legacies are not conditioned on the husband predeceasing testatrix; in its holding that the legacies are chargeable on the real estate; that such charge is subject to the life interest of the husband; and that the interest of the husband is that of a life estate. We reverse the judgment of the District Court insofar as it holds that the estate of the husband is conditioned on his paying *only* the interest on the deed of trust in addition to taxes, maintenance and repairs, holding that this life estate is conditioned on his paying *both* the principal *and* interest on the trust lien as they accrue, in addition to taxes, maintenance and repairs.

We hold also that the District Court, in this action for the construction of the will, has no authority to order the sale of the real estate. That is a matter that is to be determined by the probate court, and in accordance with § 18–607 et seq., of the District of Columbia Code.

Affirmed in part; reversed in part; and remanded to the District Court for further proceedings in accordance with this opinion.